UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

SEAN GATTON and DIANE GATTON,　　　　　　　　　　Case No. 20-cv-1778

　　　　Plaintiffs,

vs.

EXETER FINANCE LLC

and

BONAFIDE RECOVERY &
TRANSPORT LLC,

　　　　Defendants.

---

## COMPLAINT

---

NOW COME the Plaintiffs Sean Gatton and Diane Gatton, by and through their attorney, DeLadurantey Law Office, LLC, and complains of Defendants Exeter Finance LLC and Bonfide Recovery & Transport LLC, and alleges to the best of their knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### NATURE OF THE ACTION

1. This lawsuit arises from the collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*, and Wisconsin common law and statutes.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act, Wisconsin statute and common law, under 28 U.S.C. §1367, because these claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

## PARTIES

8. Plaintiff Sean Gatton (hereinafter "Plaintiff" or "Mr. Gatton") is a natural person who resides in Langlade County, Wisconsin.

9. Mr. Gatton is a "consumer" as defined by 15 U.S.C. §1962a(3).

10. Plaintiff Diane Gatton (hereinafter "Plaintiff" or "Mrs. Gatton") is a natural person who resides in Langlade County, Wisconsin.

11. Mrs. Gatton is a "consumer" as defined by 15 U.S.C. §1962a(3).

12. Defendant Exeter Finance LLC. (hereinafter "Defendant Exeter") is a foreign business with a principal office of 222 W. Las Colinas Blvd., Ste 1800, Irving, TX 75039, and a registered agent of Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

13. Defendant Exeter regularly attempts to collect debts owed to others and is a "debt collector" as defined by Wis. Stat. § 427.103(3), and a "merchant" as that term is defined by Wis. Stat. § 421.103(25).

14. Defendant Exeter is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

15. Defendant Bonafide Recovery & Transport LLC. (hereinafter "Defendant Bonafide") is a domestic business with a principal office of C4104 Dead End Road, Stratford, WI 54484, and a registered agent of Michael A. Hughes at the same address.

16. Defendant Bonafide regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

17. Defendant Bonafide is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

## BACKGROUND

18. In or about August, 2019, Plaintiffs incurred a loan with Defendant Exeter for family and personal purposes, with an amount under $25,000. Plaintiffs purchased the vehicle while a Wisconsin resident, and listed their Wisconsin address on the finance application.

19. The loan was connected to a security interest held by Defendant on a 2018 Nissan Rogue ("the Vehicle") owned by Plaintiff.

20. In 2020, Plaintiffs fell behind on their payments to Defendant Exeter.

21. Defendant Bonafide repossessed Plaintiffs' vehicle on December 1, 2020.

22. Plaintiff Sean Gatton confronted the employee/agent of Defendant Bonafide during the repossession and protested the repossession.

23. Defendant Bonafide proceeded with the repossession over the protests of the Plaintiff.

24. Defendant Bonafide had called local law enforcement prior to the repossession, and was accompanied by law enforcement during the repossession process.

25. Plaintiff expressly protested the repossession, Defendant Bonafide's employee/agent heard and understood the protest, yet continued with the repossession.

26. As a result of Defendants failure, actions and repossession, Plaintiffs have sustained harms and losses.

## COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692) BY DEFENDANT BONAFIDE ONLY

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing deliberate acts by Defendant Bonafide constitute violations of the FDCPA, 15 U.S.C. § 1692f(6).

29. Specifically, Defendant Bonafide could not legally take the vehicle due to the protest.

30. As a result of the above violation of the FDCPA, Plaintiffs have suffered emotional distress and loss of property, constituting actual damages pursuant to 15 U.S.C. §1692k(a)(1).

31. Defendant Bonafide is liable to Plaintiffs for actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

## COUNT 2 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (WIS. STAT. § 425) – ALL DEFENDANTS

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace…"

34. A breach of the peace occurs when the property is taken over the objection of the debtor. *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449 (WI Ct. App. 1993). A breach of beach also occurs when law enforcement are involved in the repossession. *Russell v. Santander Consumer United States, Inc.*, No. 19-CV-119, 2019 U.S. Dist. LEXIS 160674, at *12 (E.D. Wis. Sep. 20, 2019). See also, *Gable v. Universal Acceptance Corp.* (WI), 338 F. Supp. 3d 943, 950 (E.D. Wis. 2018).

35. A breach of the peace occurred when the vehicle was taken after Plaintiff protested the taking.

36. A breach of the peace occurred when the police were involved in the repossession.

37. Defendant Exeter is liable for the acts of Defendant Bonafide and its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of

5

Case 1:20-cv-01778-WCG   Filed 12/02/20   Page 5 of 7   Document 1

respondeat superior, agency, and vicarious liability. *Russell v. Santander Consumer USA, Inc.*, No. 19-CV-119, 2020 U.S. Dist. LEXIS 101404, at *19 (E.D. Wis. June 9, 2020). See also, *Gable v. Universal Acceptance Corp. (WI)*, 338 F. Supp. 3d 943, 955 (E.D. Wis. 2018).

38. Under Wis. Stat. § 425, Plaintiffs are seeking to have the vehicle lien avoided, actual damages, return of the vehicle (or the fair market value of the vehicle), statutory damages, punitive damages, seeking the return of payments already made towards the vehicle, and seeking reimbursement of attorney fees and costs.

## COUNT 3 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (WIS. STAT. 427) – ALL DEFENDANTS

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The amount that Defendants were attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

41. Defendants violated § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since they had no right to repossess Plaintiffs' vehicle.

42. Defendants' conduct violated § 427.104(1)(j) in that they did not have a right to repossess the vehicle because they knew that they had not complied with the law governing the repossession of vehicles.

43. As a result of the illegal conduct, Plaintiffs have suffered actual damages, including emotional distress, mental anguish, and loss of property.

44. Defendants are liable to Plaintiffs for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427.105.

## Trial by Jury

45. Plaintiffs are entitled to, and hereby respectfully demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs prays that this Court will enter judgment against the Defendants as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) as to Defendant Bonafide;
B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) as to Defendant Bonafide;
C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) as to Defendant Bonafide;
D. the vehicle lien avoided, actual damages, return of the vehicle (or the fair market value of the vehicle), punitive damages, statutory damages, seeking the return of payments already made towards the vehicle, and seeking reimbursement of attorney fees and costs under Wis. Stat. § 425 as to all Defendants;
E. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427 as to all Defendants;
F. for such other and further relief as may be just and proper.

Dated this 2nd day of December, 2020.

s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Dr, Suite 109
Brookfield, WI 53005
(414) 377-0515
nathan@dela-law.com

*Attorney for the Plaintiffs*